Young, Respondent, *vs.* White, Appellant.

1. Where the instructions given fairly present the case to the jury, the judgment will not be reversed, although other instructions, in themselves proper, were refused.

*Appeal from St. Louis Court of Common Pleas.*

*Glover & Campbell,* for appellant.
*N. Holmes,* for respondent.

Ryland, Judge, delivered the opinion of the court.

This was a petition upon a bill of exchange by the payee, White, against the drawer, Young. The protest and notice were admitted by the answer, and the indorsements were proved. The defence was that the bill was drawn without consideration and merely for the accommodation of Young, the payee. The evidence produced by the defendant himself tended to show,

7—VOL. XVIII.

that the bill was, in fact, drawn in payment for a quantity of lumber sold and delivered by the plaintiff to the defendant, and it failed to establish the facts set up as a defence, in the defendant's answer. All the evidence offered by the defendant was admitted. The bill had been indorsed several times, and lastly to the original payee, who brought the suit.

The main question as to facts was, whether the bill of exchange sued upon in this case was given and accepted in consideration of the lumber sold by Young to White, or not. The defendant contended, that he had given his notes, payable to Webster & Co., for the amount of the lumber due to Young; that he was to do this by contract with Young when he bought the lumber; that the lumber amounted to $3,978 12; that the notes which he gave to Webster & Co. were for this amount, and were given in payment for this lumber, and that said notes were in discharge of his indebtedness to Young; that Young, through fraud, covin and deceit, and by mere practice and contrivance, obtained and procured from defendant, two supposed bills of exchange, of which the one now in suit was one, in order that Young might draw from Webster & Co. the money on the notes which White had given to them for the lumber, when the notes reached maturity, and that these bills of exchange were given for this purpose and for no other consideration or purpose.

The plaintiff contends, that he had nothing to do with the notes given by White to Webster & Co.; that the notes were given to Webster & Co., to secure them as acceptors upon these bills of exchange for White; that the bills were for the lumber, and that White, to secure Webster & Co., did assign over to them his lease and improvements, and policy of insurance, and gave the notes; that the notes were to secure Webster & Co. for the liability they were under as acceptors of the bills. Webster & Co. failed, and this failure has produced the hardship and difficulty in this transaction, for they passed off a part of these notes and White had to pay them, although they never paid the bills of exchange.

The court gave the following instructions for the plaintiff:

1. The drawing and acceptance and presentment for payment and protest of the bill of exchange sued on, are admitted by the defendant, and the jury is instructed by the court that the said bill of exchange *must be presumed to have been drawn by White and accepted by Webster & Co. for a good and valuable consideration, unless the contrary is shown by evidence satisfactory to the jury.*

2. If the jury believe from the evidence, that the plaintiff received said bill of exchange sued on, with the other bill that has been satisfied, for the lumber sold by plaintiff to defendant; that the notes and securities given by defendant to Webster & Co. were given by White to secure Webster & Co. as acceptors for White; that the subsequent arrangement was for the settlement and adjustment of the seven months' draft or bill, and was made for the benefit of White, to save him from further loss by the failure of Webster & Co., and that the plaintiff has never received from White any payment or satisfaction of the five months' bill sued on, then the jury is instructed to find a verdict for the plaintiff for the amount of the bill sued on, with damages at four per cent., and interest from maturity, at six per centum per annum.

3. The answer of the defendant is not any evidence of any fact or statement therein, for the defendant; but he is required by law to establish his defence by evidence satisfactory to the jury; nor is the petition evidence in the case for the plaintiff.

4. The bill of exchange sued on is, in law, upon its face, *prima facie* evidence of the liability of the defendant to pay the plaintiff, as the holder, the amount of said bill and the damages and interest thereon, in default of payment thereof by the acceptor, and due notice of said default to the drawer.

5. The whole burden of proof to avoid this legal liability is upon the defendant.

The court gave the following instructions on its own motion:

10. Fraud is not to be presumed, but must be proved. It

may be proved by circumstances or by direct and positive testimony. The burden of proving the alleged fraud in this cause is upon the defendant.

11. The jury will take into consideration all the facts and circumstances connected with the making of the bill of exchange sued on, in order to determine the understanding among the original parties to said bill — that is, whether Young directed White to give his notes for the lumber to Webster, said notes to be in full satisfaction or discharge of the lumber account, and agreed that he (Young) would thereupon look solely to Webster for his pay, and that after the making and delivery of said notes, said Young requested said White to become drawer of the bill in question, merely for the accommodation of said Young, or whether Webster was accommodation acceptor for the benefit of White, and the notes in question, assignment of the lease and of the policy of insurance, were given by White to Webster to secure the latter against his liability on said acceptance. If White became the drawer of the bill as a mere accommodation drawer, they will find for the defendant. If he drew the bill on account of the lumber, and executed the notes to indemnify Webster as accommodation acceptor, then White is liable as drawer, in this action.

The court gave the following instructions asked by defendant:

6. That, if they find from the evidence in the cause, that the bill was drawn pursuant to an agreement between Young and White, that White was to become liable to Webster & Co. on account of the lumber, and Webster & Co. were to be paymasters to Young and not White, and that White owed nothing to Young at the time of drawing the bill, they will find for the defendant.

7. That a parol agreement may be inferred from facts and circumstances and the conduct of parties, provided the jury are of opinion that such facts, circumstances and conduct are sufficient to establish the same.

8. That, if the bill sued on in this case, was made by White

to Young, without any consideration, they will find for the defendant.

9. That, if they find from the evidence in this cause, that the bill sued on was obtained by fraud from the said White on the part of the said Young, or on the part of the said Young and Webster, they will find for the defendant.

The court refused to give the following instructions asked by defendant :

12. That, if the jury believe from the evidence in the cause, that the bill sued on in this case was given by White to Young for the purpose of enabling Young to draw money from Webster & Co. on notes which White had given said Webster & Co. for lumber sold by Young to White, which notes had been made and delivered at Young's instance and consent, and not with intention on the part of Young or White of creating any liability on said White, they will find for the defendant ; that is, if White was mere accommodation drawer for the benefit of Young, they will find for the defendant.

13. The presumption of law is, when a bill is drawn and accepted, that the drawer is the principal debtor, as between the parties to the bill ; and if the jury find from the evidence in the cause, that Young sold lumber to White, and said White, at the instance and request of Young, executed negotiable notes to Webster & Co., on account of the said lumber, and that afterwards said White, at the instance and request of said Young and Webster, or of Young, drew the bill in question on the faith of the said negotiable notes so previously given to Webster & Co., they will regard White as accommodation drawer on said bill, and not liable in this action, unless they find some other consideration for the bill independent of the sale of lumber.

14. That, if White purchased lumber of Young, and at the instance and request of Young, gave negotiable notes to Webster & Co., on account of said lumber, and secured the payment thereof to the said Webster & Co., or assigns, by a deed of trust, and that said White afterwards drew the bill in ques-

tion at the request of said Young, and without any other consideration appearing, and that Webster & Co. negotiated two of the notes, and they were paid by White, the plaintiff is barred of a recovery in this action to the extent of such payments.

15. The defendant moves the court to instruct the jury that, if the plaintiff, Young, on the 27th of August, 1849, sold and. delivered to the defendant, White, lumber to the amount of $6,978 12, and on the same day said White, at the instance and request of Young, executed and delivered the notes produced in evidence, being one for $678 12, and two for $1,650 each, for and on account of the said sale of lumber, that the execution and delivery of the said notes, as above mentioned, was a satisfaction and full discharge in law to said White of the said lumber account, as against the plaintiff.

16. That, if the plaintiff, Young, on the 27th August, 1849, sold and delivered to defendant lumber to the amount of $3,978 12, and on the same day the defendant, for and on account of the said lumber, and at the instance and by the consent of the plaintiff, executed and delivered the notes produced in evidence in the cause to Thomas Webster & Co., being in amount $678 12, $1,650 and $1,650, and all dated on August 27th, 1849, that the said notes were afterwards discounted by said Webster & Co., in whole or in part, during the currency thereof, at the Bank of Missouri, that the said notes, as to the amount thereof, which was so discounted, were a satisfaction in law of the said lumber account.

17. That in making up their verdict in this case, they will look at all the facts and circumstances proved in the case, and decide according to the weight of evidence.

1. The instructions, in the opinion of this court, put the whole case fairly before the jury. The principles of law embraced in the instructions were calculated to assist the jury in properly and plainly understanding the main question in controversy, and their verdict upon the facts was for the plaintiff. The instructions refused embraced no principle involved in the case other than those that were given, and where the instruc-

tions given do properly put the law of the case upon the evidence before the jury, although others may have been refused which were, in themselves, legal and proper, this court will not reverse.   Here the evidence produced by the defendant himself, had a strong and direct tendency to show that he was mistaken in his opinion as to the origin and consideration of the bills of exchange.   Webster, a witness for the defendant, and one of the firm of Webster & Co., shows that the bills of exchange were drawn for the lumber, and the notes were given to his firm, not in payment of the debt to Young for the lumber, but to secure them for the acceptance of the bills ; that he charged two and a half per cent. commission for the acceptance of the bills, and required to be secured, which was done by White assigning over his lease and insurance and giving his notes.   Upon the whole of the case, then, it is the opinion of this court, that there is no error in the judgment of the court below ; it will, therefore, be affirmed, the other judges concurrring.